956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re V. Dale LANDERS, and Sandra Jane Landers, Debtors.
V. Dale LANDERS, and Sandra Jane Landers, Plaintiffs-Appellants,
v.
UNITED STATES of America, ex rel. Farmers Home
Administration, Defendant-Appellee.
 No. 91-6281.
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1992.
 
 ORDER AND JUDGMENT*
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellants appeal an order of the district court affirming the bankruptcy court's ruling that the Farmers Home Administration ("FHA") is entitled to $32,221 that it was paid pursuant to a standard mortgage loss payable clause in an insurance policy on mortgaged property. We exercise jurisdiction under 28 U.S.C. § 158(d) and affirm.
 
 
 3
 Appellants ask this court to determine whether an Oklahoma extinguishment statute, 12 Okla.Stat. § 686, requires FHA, as the mortgage holder, to seek a deficiency judgment within ninety days of the date of the sheriff's sale of appellants' property. Appellants argue that FHA's mortgage was extinguished by its failure to comply with § 686, and, therefore, FHA lost its interest in the property and its rights to recover the $32,221 insurance proceeds under the insurance policy.
 
 
 4
 The bankruptcy court found that the appellants' mortgage instrument waived the statutory protection afforded by § 686. The court determined that FHA was, therefore, not required to seek a deficiency judgment within ninety days of the foreclosure sale, and that the foreclosure judgment and sale did not extinguish FHA's lien on the property. The court concluded that as the holder of a valid lien and as the loss payee under the insurance policy at the time of the loss, FHA is entitled to the $32,221 paid by the insurance company. The district court affirmed the bankruptcy court's judgment for substantially the same reasons given by the bankruptcy court.
 
 
 5
 On appeal, appellants do not dispute that the mortgage instrument waived the statutory protection of § 686. Further, appellants do not argue that this waiver is unenforceable. Because appellants have offered no basis for setting aside prior findings that the mortgage instrument waived the statutory protection of § 686, we have no reason to consider whether a mortgagee's failure to comply with § 686 could result in the extinguishment of a lien and cause the mortgagee to lose its rights to insurance proceeds.
 
 
 6
 The order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3